JAMES E. CROSSLEY, PLAINTIFF AND APPELLEE, v. WILLIAM H. CONNOLLY COMPANY, A CORPORATION, DEFENDANT AND APPELLANT.

Submitted March 16, 1916—Decided June 28, 1916.

1. On appeal from the District Court, the Supreme Court will not reverse a judgment because of the action of the trial judge in dismissing the jury and granting a continuance after the commencement of the trial, unless such action is plainly erroneous and is a clear abuse of the trial court's discretion.
2. When a jury in the District Court, summoned on the demand of the defendant, has for good cause been discharged by the court and the trial continued for one week, the defendant is not entitled to a jury at the trial on the adjourned day unless he pays or tenders the cost of a new venire.

---

On appeal from the District Court of the city of East Orange.

Before Justices GARRISON, TRENCHARD and BLACK.

For the appellant, *Newton P. Kinsey.*

For the appellee, *Gaetano M. Belfatto.*

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a judgment in favor of the plaintiff rendered by the judge of the District Court sitting without a jury, in an action to recover upon a contract between the parties.

The first reason assigned for reversal is that the judge erred in dismissing the jury and granting a continuance of the case after the commencement of the trial.

We think the contention is without merit. The action was taken when it was discovered that the president of the defendant company, a witness essential to the plaintiff's case, was absent when called, although he was present when the case was moved. The rule is well settled that we will not reverse a judgment because of the action of the trial judge in dismissing the jury and granting a continuance after the commencement of the trial, unless such action is plainly erroneous and is a clear abuse of the trial court's discretion. *Haines* v. *Roebuck,* 47 *N. J. L.* 227; *McCourry* v. *Doremus,* 10 *Id.* 245. See also cases collected in note in 4 *C. J.* 809. Tested by that rule the action of the trial judge was unobjectionable.

The only other reason for reversal argued is that upon the day to which the trial had been continued, it proceeded without a jury against the objection of the defendant.

We think there is no merit in this contention.

True, the defendant had demanded a jury at least one day before the return day of the summons pursuant to the requirement of section 4 of *Pamph. L.* 1905, *p.* 494; *Comp. Stat., p.* 1991, ¶ 117*d* (*Home Coupon Exchange Co.* v. *Goldfarb,* 78 *N. J. L.* 146; *Phoenix Pottery Co.* v. *Perkins Co.,* 79 *Id.* 78; *Haythorn* v. *Van Keuren,* 79 *Id.* 101; *Kearns* v. *Simpson,* 83 *Id.* 221; *Walnut* v. *Newton,* 82 *Id.* 290); and had paid the cost of the venire as required by *Pamph. L.* 1903, *p.* 505 (*Comp. Stat., p.* 1999, ¶ 149); and a jury had been summoned accordingly. But the jury thus summoned had, for good cause, been discharged and the trial continued by the judge for one week. In this situation in order for the defendant to obtain a jury for the trial upon the day to which the cause had been continued it was necessary to pay or tender the cost of the venire. Since this was not done the defendant cannot be heard to complain that the trial proceeded without a jury.

The judgment below will be affirmed, with costs.